IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JOSEPH L. WESTBROOKS**                                                      **PLAINTIFF**

**V.**                                                               **NO. 4:15CV30-DMB-JMV**

**JENIFER WHITE, ET AL.**                                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on the *pro se* prisoner complaint of Joseph L. Westbrooks, who challenges the conditions of his confinement under 42 U.S.C. § 1983. The Court notes that, for the purposes of the Prison Litigation Reform Act, Westbrooks was incarcerated when he filed this suit. For the reasons below, this case will be dismissed for failure to state a claim upon which relief can be granted.

## I
## Factual Allegations of the Complaint

Westbrooks alleges that Defendants failed to follow proper procedure while prosecuting a Rule Violation Report ("RVR") against him. On September 7, 2014, Officer Jennifer White issued a RVR to Plaintiff for punching another inmate, Floyd Williams, in the face. On September 29, 2014, Officer Sequeia Wren presided over Plaintiff's disciplinary hearing in connection with the incident. During the hearing, Westbrooks claimed that there were witnesses to the incident. Given this, Wren said that she would wait to file the RVR until she had conducted a further investigation. Wren did not follow up with Westbrooks about the RVR; rather, later that day Westbrooks' case manager told him that he had been found guilty and would be reclassified to more restrictive custody because of the infraction. Westbrooks claims that his appeal through the grievance process was hampered because he never received a copy of the RVR. Ultimately, his appeal was unsuccessful. Westbrooks was reduced to a lower custody classification and moved to a different facility. Westbrooks requests that the RVR

be expunged from his institutional file and that he receive reimbursement for his filing fee and court costs.

# II
# Analysis

Westbrooks raises a number of claims regarding improper administration of the Mississippi Department of Corrections' grievance procedure, all of which fall under the category of denial of due process. Westbrooks has not, however, set forth a valid claim for violation of the Due Process Clause or any other constitutional protection under the standards set forth in *Sandin v. Conner*. *See* 515 U.S. 472 (1995).

Under *Sandin*, though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, … these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force … nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 472. The prisoner in *Sandin* was confined in isolation. Such discipline fell "within the expected parameters of the sentence imposed by a court of law" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 485. Therefore, neither the Due Process Clause nor State law or regulations gave rise to a liberty interest that would entitle the prisoner to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

Here, Westbrooks' punishment was a reduction in custody classification. Such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law" and "d[oes] not present the type of atypical, significant deprivation in which a State might conceivably create a

liberty interest." *Sandin*, 515 U.S. at 485. Accordingly, Westbrooks' allegations regarding the violation of his right to due process are without merit, and the instant case is dismissed for failure to state a claim upon which relief can be granted.

**SO ORDERED**, this 20th day of May, 2015.

<u>**/s/ Debra M. Brown**</u>
**UNITED STATES DISTRICT JUDGE**